OPINION
Defendant/Appellant, Darvin Goble appeals the judgment of the Defiance County Common Pleas Court adjudicating Darvin a sexual predator. For the reason that follows, we reverse.
In 1987 Goble pled guilty to two counts of sexual battery. The court sentenced Goble to a term of two years for each count to be served consecutively. In 1988 Goble pled no contest to one count of sexual battery with a prior offense of violence specification. Upon finding Goble guilty the court sentenced him to four to ten years of imprisonment to run consecutive to his earlier sentences.
In 1997 the Ohio Department of Rehabilitation and Corrections sent a recommendation to the Defiance County Common Pleas Court requesting Goble be classified as a sexual predator subject to the community notification requirements of R.C. 2950. On August 28, 1997, following a hearing before the Defiance County Common Pleas Court, Goble was classified as a sexual predator. This appeal follows with Goble assigning one error to the trial court.
Assignment of Error
 The trial court erred by adjudicating the appellant to be a sexual predator in contra to established case law of the Third District Court of Appeals and in violation of Article I, Section 9 of the United States Constitution and Article II, Section 28, of the Ohio Constitution.
 We have already addressed the issue of whether R.C. 2950.09, entitled "Classification as sexual predator; determination hearing; petition for removal from classification," violates Ohio constitutional provisions. In State v. Cook (Aug. 7, 1997), Allen App. No. 1-97-21, unreported, we held that R.C. 2950.09 violates Article II, Section 28
of the Ohio Constitution on the retroactivity of laws.
In the present case, the offenses which provide the basis for determining whether Goble can be classified as a sexual predator occurred over a decade ago. The Revised Code provisions establishing the sexual predator classification did not become effective until January 1, 1997. Therefore, a retroactive application of the law is necessary to adjudicate Goble a sexual predator on those offenses in this case.
Since R.C. 2950.09, as applied to Goble in this case, violates the Ohio Constitution, we do not need to address the issue of whether the statute also violates Article I, Section 9 of the United States Constitution on cruel and unusual punishment.
Upon the authority of State v. Cook (Aug. 7, 1997), Allen App. No. 1-97-21, unreported, and for the reasons stated therein, the judgment of the Defiance County Common Pleas Court classifying Goble a sexual predator is reversed. See also, State v. Patton
(Sept. 24, 1997), Union App. No. 14-97-13, unreported; and Statev. Vaughn (Sept. 25, 1997), Union App. No. 14-97-14, unreported.
Judgments reversed.
SHAW, P.J., and BRYANT, J., concur.